## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STRIKE 3 HOLDINGS, LLC,** | : | **CIVIL ACTION NO. 1:25-CV-762** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN DOE subscriber assigned IP** | : | |
| **Address 72.70.187.235,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 21st day of May, 2025, upon consideration of plaintiff's *ex parte* motion (Doc. 6) for leave to serve third-party subpoena prior to Rule 26(f) conference, wherein plaintiff sets forth that it commenced this litigation asserting claims of copyright infringement against a John Doe defendant, known only by an Internet Protocol ("IP") Address at this time, and that the John Doe defendant's true identity is known only to their Internet Service Provider ("ISP"), and wherein plaintiff seeks leave of court to serve limited, immediate discovery upon John Doe's ISP to ascertain their true identity, (<u>see</u> <u>id.</u>), and the court noting that, pursuant to Federal Rule of Civil Procedure 26(d)(1), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," FED. R. CIV. P. 26(d)(1), but that early discovery may be authorized by court order, <u>see</u> <u>id.</u>, and that courts within this judicial district employ a "good cause" standard in determining whether to authorize expedited discovery for purposes of identifying a defendant in internet copyright infringement cases, <u>see</u>, <u>e.g.</u>, <u>Malibu Media, LLC v. Doe</u>, No. 3:15-CV-1703, 2015 WL 5829792, at *1 (M.D. Pa. Sept. 30, 2015) (Mannion,

J.) (collecting cases); <u>Malibu Media, LLC v. Doe</u>, No. 1:15-CV-1132, 2015 WL

3795957, at *1 (M.D. Pa. June 18, 2015) (Rambo, J.) (same), and the court concluding

that plaintiff has adequately demonstrated good cause for serving a third-party

subpoena prior to the Rule 26(f) conference in this matter, but concluding further

that, given the *ex parte* nature of plaintiff's application, the interests of justice

dictate that the court impose certain conditions on the relief requested by plaintiff,

with the aim of avoiding any unintended consequences of disclosure of John Doe's

information and curtailing unfettered early discovery in internet copyright

infringement actions, <u>see Malibu Media</u>, 2015 WL 5829792, at *2; <u>Malibu Media</u>,

2015 WL 3795957, at *3, it is hereby ORDERED that:

1. Plaintiff may serve a Rule 45 subpoena upon the ISP identified in its motion (Doc. 6) for the purpose of obtaining information necessary to identify the individual associated with the IP Address 72.70.187.235 ("John Doe"), specifically their name and address.  The subpoena shall have a copy of this order attached.

2. The ISP shall have 30 days from the date of service of the Rule 45 subpoena to serve John Doe with a copy of the subpoena and a copy of this order.  The ISP may serve John Doe using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 552(5), which states:

   the term "cable operator" means any person or group of persons

   (A) who provides cable service over a cable system and directly through one or more affiliates owns a significant interest in such system, or

(B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[,]

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[,]

by sending a copy of this order to John Doe.

4.    John Doe shall have 30 days from the date of service of the Rule 45 subpoena to file any motions with this court contesting the subpoena (including a motion to quash or to modify the subpoena).  The ISP may not turn over John Doe's identifying or contact information to plaintiff before the expiration of this 30-day period.  Additionally, if John Doe files a motion to quash or to modify the subpoena, the ISP shall not produce any information to plaintiff until this court issues an order instructing the ISP to produce the requested discovery.  If John Doe moves to quash or to modify the subpoena, John Doe shall contemporaneously notify the ISP so that the ISP is on notice not to release John Doe's identity or contact information to plaintiff until the court rules on any such motion.

5.    If the 30-day period lapses without John Doe or the ISP contesting the subpoena, the ISP shall have 10 days to produce the information responsive to the subpoena to plaintiff.

6.    The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

7.    Any information ultimately disclosed to plaintiff in response to a Rule 45 subpoena may be used by plaintiff solely for the purpose of litigating the instant case.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania